**Benjamin BROWN, Petitioner,
Cross–Respondent,**

**v.**

**JACKSONVILLE SHIPYARDS INCOR-
PORATED, Respondent,
Cross–Petitioner,**

**Director, Office of Workers' Compensa-
tion Programs, United States
Department of Labor, Respondent.**

**No. 88–3501.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 1990.

---

** Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Michael J. Dewberry, Jacksonville, Fla., for petitioner-cross respondent.

Robert M. Sharp, Sheldon B. Boney, Sharp, Rizk & Hart, P.A., Jacksonville, Fla., John Jeffrey Ross, Office of Sol., U.S. Dept. of Labor, Washington, D.C., for respondent, cross-petitioner.

Before FAY, Circuit Judge, RONEY *, Senior Circuit Judge, and ALLEN **, Senior District Judge.

PER CURIAM.

Plaintiff appeals from an order of the Benefits Review Board denying his claim

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation.

for compensation benefits under Title 33 U.S.C. § 913, et seq., the Longshore and Harbor Workers' Compensation Act. Defendant appellee Jacksonville Shipyards, Inc. cross appeals from the decision of the Administrative Law Judge (ALJ), who found a causal relationship between the claimant's accident of November 13, 1981 and his alleged back problem.

On November 13, 1981, Benjamin Brown fell ten feet from the top of a sand tank. He initially felt pain only in his finger, but on the evening of the accident, felt a numbness in his arms and legs, and on the following day complained about his neck and back pain to the employer's Safety Officer. He admitted that he was aware that this pain was related to the previous day's fall. However, his primary concern was with his finger injury.

Brown had been injured in 1975 when he fell into an uncovered man hole and injured his testicles. As late as April 1981, he was still complaining of pain from that injury. In September 1982, Brown, on his visit to Dr. Leffler's office, did not complain of back pain, but did complain of the pain in his right testicle. In October 1982, Brown was referred to a Dr. Carlos, who diagnosed a chronic low back pain and recorded a history of testicular right side and back pain since 1975.

Brown was also examined by Dr. McCauley on November 30, 1982, and complained of a dull aching pain across his lumbo sacral area. Brown told the doctor that he had injured his spine on November 18, 1982. Dr. McCauley detected a sway back deformity and concluded that the lumbar strain of November 1982 developed no permanent partial disability.

On January 6, 1983, Brown told the employer's medical safety officer that he could not work because of pain in his neck and back, and he has not returned to work since then. He filed his claim for disability benefits on January 28, 1983.

The ALJ issued a decision and order finding that the claim was time barred but directed the payment of medical benefits for the back injury, which he found to be related to Brown's 1981 fall at work. Both Brown and the employer filed timely appeals and cross appeals, and the Board affirmed the ALJ's decision in all respects.

The sole question presented by Brown's appeal is whether the ALJ and the Board were correct in ruling that the claim was time barred. Title 13 U.S.C. § 913(a) reads as follows:

> Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death ... The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment.

■ The case of *Todd Shipyards Corporation v. Allen*, 666 F.2d 399 (9th Cir. 1982); *Stancil v. Massey*, 436 F.2d 274 (D.C.Cir.1970); and *Bath Iron Works v. Galen*, 605 F.2d 583 (1st Cir.1979), all make it clear that the statute of limitations does not begin to run until the claimant is aware of the full character, extent and impact of the harm done to him. *Todd Shipyards Corporation v. Allen, supra*, at 401. They also make it clear that the claimant must know that there was an injury which constituted an impairment of earning power. The fact that the claimant has suffered an accident and is aware that he is injured is not the test; the test is the awareness of the suffering of a compensable injury. In the instant case, Brown did not realize that he had suffered an injury which would impair his earning power until at least some time in 1982 when his back problems became worse. He did not miss any time from work until early 1983, and therefore, the ALJ and the Board erred in holding that Brown should have filed his claim within one year after the date of the accident.

■ The employer argues that it is only in cases where there has been an initial misdiagnosis that the statute of limitations will be tolled. That interpretation is directly in conflict with the decision in *Stancil v.*

*Massey,* where the court noted that it was not holding that the running of the statute of limitations was deferred because of a wrong diagnosis. The court pointed out that "the issue was not the correctness of the diagnosis per se ... but whether the employee reasonably believed that he was not physically disabled, i.e., had not been suffering from a work-related harm which would probably diminish his capacity to earn a living." See 436 F.2d at 278–279.

With respect to the cross appeal which contested the correctness of the decision to award medical benefits to Brown, the only question presented was whether there was any substantial evidence to support the decision that Brown's back condition was related to the November 13, 1981 accident. Title 33 U.S.C. § 920(a) provides as follows:

> In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed, in the absence of substantial evidence to the contrary—
>
> (a) that the claim comes within the provisions of this chapter.

The statute creates a rebuttable presumption which the employer had the duty of rebutting with evidence that the accident neither caused nor aggravated plaintiff's back condition. See *Noble Drilling Co. v. Drake,* 795 F.2d 478 (5th Cir. 1986).

The evidence reflects that none of the physicians who examined Brown expressed an opinion ruling out a potential connection between his back condition and his fall. While Brown did not mention the accident of November 1981 to Drs. Leffler, Carlos and McCauley and had signed a form in Dr. McCauley's office that an unspecified condition was not a job related injury, the ALJ based his decision on the fact that while Brown had some back complaints as early as 1976, he worked until his November 1981 accident without any difficulty but after the accident his condition deteriorated rapidly so that in thirteen months he could no longer do his job.

We are of the opinion that the ALJ and the Board correctly applied the statutory presumption. None of the physicians expressed an opinion ruling out the possibility that there was a causal connection between the accident and Brown's disability. Therefore, there was no direct concrete evidence sufficient to rebut the statutory presumption. See *Noble Drilling, supra,* 795 F.2d 478, at 481.

In conclusion, we, therefore, affirm the Board's decision with respect to medical benefits, and reverse its decision as to the timeliness of the plaintiff's filing of his claim.

REVERSED ON APPEAL. AFFIRMED ON CROSS APPEAL.