**DULUTH, MISSABE & IRON RANGE RAILWAY COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Steven Heskin, Respondents.**

**No. 94–1513.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1994.

Decided Dec. 29, 1994.

Richard J. Leighton, Duluth, MN, argued, for petitioner.

Marianne D. Smith, Washington, DC, argued, for OWCP.

James Courtney, Duluth, MN, argued, for Steve Heskin.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Duluth, Missabe & Iron Range Railway ("Duluth") petitions for review of a final order of the Benefits Review Board (BRB) of the Department of Labor. *Heskin v. Duluth, Missabe & Iron Range Ry.*, Nos. 89–3868, 89–3868A, and 92–1195 (B.R.B. December 29, 1993) (Decision and Order). The order affirmed a decision of an Administrative Law Judge (ALJ) finding that a claim for disability benefits filed by the respondent Steven Heskin was timely filed under § 13 of the Longshore and Harbor Workers' Compensation Act ("Act"), as amended, 33 U.S.C. § 913, and awarding him disability benefits. In its petition, Duluth argues that the ALJ erred in its calculation of the relevant awareness date which triggered the statute of limitations period for § 913(a) and in concluding Heskin's condition was an occupational disease and not an injury as those terms are defined in the Act. For the reasons discussed below, we deny the petition for review.

Heskin was a welder for Duluth from 1973 through 1986. In December 1984, he filed a report of a back injury with Duluth. He stated later that he recovered from the incident after a few days, missed no work because of the injury, and sought no medical treatment for the injury. Heskin claimed that he suffered no remarkable back trouble from that point until 1986. During 1986, he began to suffer recurring instances of lower back pain, but testified that no one part of his job seemed to cause the back pain. Duluth laid him off in July of 1986. Duluth called him back to work in June 1987, but refused to re-employ him after a pre-employment physical on June 11, 1987, because of his back condition.

Heskin filed a claim for disability benefits on December 17, 1987. Duluth argued that the claim was untimely under the one-year statute of limitations period of § 913(a) because Heskin was aware of the relationship between his injury and his employment before being laid off in July 1986. The ALJ found that the limitations period commenced when Duluth refused to re-employ Heskin after he failed the pre-employment physical on June 11, 1987. The ALJ agreed with the Director that the limitations period under § 913(a) does not begin to run until the injured employee becomes aware of the full character, extent and impact of the harm done to him or her as a result of an employment-related injury. Applying this standard for knowledge sufficient to trigger the limita-

tions period, the ALJ found that the relevant awareness date was June 11, 1987, the date of the pre-employment physical. The ALJ determined that Heskin then knew he had sustained an employment-related back injury that would impair his wage-earning capacity. The ALJ further concluded that Heskin's back condition was an occupational disease rather than an injury. Under § 913(b)(2), claims arising from occupational diseases have a two-year statute of limitations period running from the time the employee knows or should know of the relationship between the employment, the disease, and the disability. Duluth appealed to the BRB, which affirmed the ALJ's finding that the statute of limitations period began on June 11, 1987. The BRB declined to consider whether Heskin's back condition was an occupational disease or an injury because it concluded that Heskin's filing would have also satisfied the one-year statute of limitations period for the filing of claims under § 913(a).

Duluth contends that if Heskin's condition was an injury and not an occupational disease, his claim should have been dismissed as untimely. Duluth argues that § 913(a) clearly requires the limitations period to commence when the employee is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury and the employment. Duluth maintains that the statutory language plainly means mere knowledge that a condition is related to work activities. *See Stark v. Washington Star Co.,* 833 F.2d 1025 (D.C.Cir.1987).

 The Director's position on when the limitations period of § 913(a) begins has been uniformly adopted by the appellate courts which have addressed the issue. *See, e.g., Newport News Shipbuilding & Dry Dock Co. v. Parker,* 935 F.2d 20, 24–27 (4th Cir.1991); *Abel v. Director,* 932 F.2d 819, 822 (9th Cir. 1991); *Brown v. ITT/Continental Baking Co.,* 921 F.2d 289, 294 (D.C.Cir.1990); *Brown v. Jacksonville Shipyards,* 893 F.2d 294, 296 (11th Cir.1990). Accordingly, we hold that the limitations period of § 913(a) does not

begin to run until the injured employee becomes aware of the full character, extent, and impact of the harm done to him or her as a result of the employment-related injury.

 Having carefully reviewed the record and the arguments set forth by the parties, we hold that the ALJ correctly applied the limitations period of § 913(a) and that the ALJ's calculation of June 11, 1987, as the relevant awareness date was supported by substantial evidence in the record as a whole. Therefore, we deny the petition for review.[1]

---

1. Like the BRB, we need not reach the issue of whether Heskin's back condition was an injury or an occupational disease.