[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS  K. KAHN
CLERK

No. 04-16719
Non-Argument Calendar

_____

BRB No. 04-00190

UNIVERSAL MARITIME SERVICE CORPORATION,
SIGNAL MUTUAL INDEMNITY ASSOCIATION,

Petitioners,

versus

DIRECTOR, OWCP,
LESLIE LEE LEWIS,

Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board

_____

**(June 10, 2005)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Universal  Maritime  Services  Corporation  and  Signal  Mutual  Indemnity

Association (collectively "Petitioners") petition this Court for review of the decision of the United States Department of Labor Review Board ("the Board") affirming the administrative law judge's ("ALJ's") Decision and Order awarding temporary total disability benefits and permanent total disability benefits to Leslie L. Lewis, filed pursuant to the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et seq.* ("LHWCA" or "the Act").

On appeal, Petitioners argue the ALJ erred in its total disability benefits award by: (1) relying on Lewis's testimony to conclude that he established a prima facie case for compensation under the LHWCA for injuries resulting from an on-the-job accident; (2) concluding that Petitioners failed to meet their burden under the Act of establishing suitable alternative employment for Lewis; and (3) determining that Lewis's disabilities resulted from the work-related accident rather than from supervening independent causes. At the heart of Petitioners' arguments on appeal is whether the ALJ erred in its findings of fact.

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we conclude that the ALJ's conclusions were based on substantial evidence, find no reversible error, and accordingly deny this petition.

The relevant facts and procedural history are straightforward. On March 26, 2001, while working as a longshoreman for Petitioner Universal Maritime

Services, Lewis was driving a "mule," a small tractor or electric engine used to tow boats along a canal, pulling a chassis. A mechanical failure (the landing gear of the chassis was in the down position and got caught on a gantry track) caused the mule to stop abruptly, throwing Lewis about the cab of the mule and causing his head to crash into the ceiling of the cab and his knees to strike the steering wheel and dashboard. Lewis sustained injuries to his head, neck, left wrist, back and knees. Additionally, Lewis alleged that this accident aggravated his pre-existing visual impairment and paranoid schizophrenia and further resulted in post-traumatic stress syndrome and dysthymia. Lewis filed this claim seeking temporary and permanent total disability benefits.

The ALJ determined that Lewis was entitled to the LHWCA's statutory presumption of compensability based on his presentation of a prima facie case.[1] Specifically, the ALJ concluded that on the basis of Lewis's testimony, as well as

---

[1]Section 20(a) of the Act provides that: "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary -- (a) That the claim comes within the provisions of this chapter." 33 U.S.C. § 920(a). To establish a prima facie case and receive the benefit of this presumption a claimant must show (1) that he suffered a harm or injury and (2) that the alleged injury arose out of and occurred in the course of employment. See U.S. Indus./Fed. Sheet Metal, Inc. v. Dir., Office of Workers' Comp. Program, 455 U.S. 608, 616, 102 S. Ct. 1312, 71 L. Ed. 2d 495 (1982). Accordingly, "[t]he statute creates a rebuttable presumption which the employer [has] the duty of rebutting with evidence that the accident neither caused nor aggravated" the claimant's new or existing injuries. Brown v. Jacksonville Shipyards, Inc., 893 F.2d 294, 297 (11th Cir. 1990) (citing Noble Drilling Co. v. Drake, 795 F.2d 478, 481 (5th Cir. 1986) *abrogated on other grounds by* Director, OWCP v. Greenwich Collieries, 512 U.S. 267, 114 S. Ct. 2251, 129 L. Ed.2d 221 (1994)).

the testimony of several medical doctors, Lewis suffered neck, back and knee injuries, as well as post-traumatic stress disorder as a result of the March 26, 2001 accident. The ALJ also determined that the accident aggravated Lewis's pre-existing vison deficiency and pre-existing paranoid schizophrenia. Consequently, the ALJ concluded that: (1) Lewis was unable to return to his usual employment as a longshoreman, and (2) Petitioners failed to establish the availability of suitable alternative employment within Lewis's extensive physical and psychological restrictions. Accordingly, the ALJ awarded Lewis temporary and permanent total disability benefits.

The Board affirmed the ALJ's Decision and Order in its entirety concluding that the ALJ's findings were supported by substantial evidence. Petitioners timely petitioned this Court to review the Board's order.

"We review the Board's decisions to determine whether the Board has adhered to its statutory standard of review and whether it has erred in interpreting the law." Bianco v. Ga. Pac. Corp., 304 F.3d 1053, 1056 (11th Cir. 2002) (internal citations and quotation marks omitted). The Board is constrained by statute to accept the findings of the ALJ unless unsupported by substantial evidence in the record considered as a whole or unless those findings are irrational. See Presley v.

4

Tinsley Maint. Serv., 529 F.2d 433, 436 (5th Cir. 1976);[2] 33 U.S.C. § 921(b)(3) ("The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.").

Likewise, we too "'must uphold the factual determinations of the ALJ if they are supported by substantial evidence in the record as a whole.'" Bianco, 304 F.3d at 1056 (quoting Ala. Dry Dock and Shipbuilding Corp. v. Sowell, 933 F.2d 1561, 1563 (11th Cir. 1991), *abrogated on other grounds by* Bath Iron Works Corp. v. Dir., Office of Workers' Comp. Programs, 506 U.S. 153, 113 S. Ct. 692, 121 L. Ed. 2d 619 (1993)). Accordingly, we "will not set aside the ALJ's findings of fact . . . if substantial evidence supports them." Brooker v. Durocher Dock & Dredge, 133 F.3d 1390, 1392 (11th Cir. 1998) (citing Texports Stevedore Co. v. Winchester, 632 F.2d 504, 515 (5th Cir. 1980) (*en banc*)).

Petitioners contend that the ALJ erroneously concluded that Lewis established a prima facie case under § 20(a) of the Act. Specifically, Petitioners say that Lewis's testimony was not credible, and that because the ALJ's findings were based in large part on Lewis's testimony those findings were not supported

---

[2]The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981, and all Fifth Circuit Unit B decisions rendered after October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

5

by substantial and credible evidence. "It is <u>fundamental</u> that credibility determinations and the resolution of conflicting evidence are the prerogative of the fact finder, here the ALJ." <u>Atl. Marine, Inc. v. Bruce</u>, 661 F.2d 898, 900 (5th Cir. Unit B Nov. 1981) (emphasis added). Simply put, our review of the record reveals that the ALJ based its findings on Lewis's <u>unrebutted</u> deposition and hearing testimony that he engaged in work operating a mule for Universal; that on March 26, 2001, the mule stopped short, causing him extensive physical and psychological injuries; that during his shift, Lewis reported the accident to his supervisor; that he filed a Notice of Injury Report; and that the local police investigated the accident and filed a report, although no report was introduced into evidence.

Moreover, in addition to Lewis's unrebutted testimony, the ALJ considered the testimony of several doctors who treated Lewis before and after the accident, as well as doctors hired by Petitioners to examine Lewis pursuant to his claim. Dr. Pritchard, one of Lewis's long-time treating physicians, observed Lewis had signs of injury when examined a few days after the injury. Dr. Boza, Lewis's treating psychiatrist, testified that Lewis had pre-existing paranoid schizophrenia, and noted that the condition was aggravated by the accident and that Lewis developed post-traumatic stress syndrome and dysthymia as a result of the accident. The

testimony of two out of three eye specialists who examined Lewis advised that his pre-existing eye injury had been aggravated by subsequent trauma.

The ALJ also found that upon review of the deposition and/or hearing testimony of the twenty two physicians who treated Lewis on an ongoing basis and/or examined Lewis for purposes of his claim, none, including those hired by Petitioners, expressly denied that an accident had occurred or that Lewis's injuries could not have resulted from the alleged accident. Finally, the testimony of Dr. Castiello, a psychiatrist hired by Petitioners who examined Lewis once, testified that the March 26, 2001, accident may have been a figment of Lewis's condition, an hallucination or an imagined event. However, Dr. Castiello could not definitively state that the March 26th accident did not occur.

Although we may not reweigh the evidence, we assess whether there is substantial evidence to support the ALJ's decision. A review of the record, as well as the ALJ's extensive 70-page Decision and Order, reveals the ALJ's findings were indeed supported by substantial evidence. Accordingly, we agree with the Board that the ALJ's finding that Lewis established a prima facie case against Petitioners was supported by substantial evidence.[3]

---

[3]Petitioners also argued that the ALJ failed to complete the analysis of the shifting burdens -- specifically, whether Petitioners rebutted the presumption of coverage by introducing evidence that the alleged accident neither caused Lewis's injuries nor aggravated his existing injuries. Review of the record shows that on pages 43-44 of the ALJ's Decision and Order, the

Petitioners next argue that the ALJ erred in rejecting the testimony of its vocational expert Ted Bilski, and concluding that Petitioners had not met their burden of establishing the availability of suitable alternative employment.[4] The ALJ accorded little weight to Bilski's recommendations because they did not account for Lewis's psychological injuries, and because the medical testimony indicated Lewis suffered extensive psychological disability that precluded him from engaging in work requiring interpersonal skills. Instead, the ALJ relied, in large part, on Lewis's expert, Harry McGee, who concluded that Lewis was entirely precluded from performing any employment based on his psychological and physical injuries. Petitioners ask us to reweigh the expert testimony and disturb the ALJ's findings. Once again, however, because the record contains substantial evidence to support the ALJ's factual and credibility determinations, we

_____

ALJ considered, in a portion of its opinion entitled "Shifting Burden and Causation" whether Petitioner introduced any evidence to rebut Lewis's prima facie case and sever the alleged causal link between Lewis's injuries and the alleged March 26, 2001, accident. After weighing the testimony of treating physicians, the ALJ concluded that the greater weight of the evidence revealed that the alleged March 26, 2001 accident occurred and that Lewis's injuries were a result of that accident. The ALJ was unconvinced by the limited evidence Petitioners introduced -- namely Dr. Castiello's testimony, discussed *supra* -- to rebut the occurrence of the accident and the causal link between the accident and Lewis injuries. The "'ALJ is not bound to accept the opinion of any particular medical expert; he is entitled to weigh the medical evidence including the relative credibility of the competing experts.'" Atl. Marine, 661 F.2d at 900 (quoting Hullinghorst Indus., Inc. v. Carroll, 650 F.2d 750, 760 (5th Cir. July 1981).

[4]If a claimant successfully establishes a prima facie case of total disability, the burden of proof shifts to the employer to establish suitable alternative employment. See New Orleans (Gulfwide) Stevedores v. Turner, 661 F.2d 1031, 1038 (5th Cir. Unit A Nov. 1981).

have no basis for disturbing those findings.

Finally, Petitioners say that the ALJ erred by not considering their "supervening cause" argument in which they argued that the record established Lewis's psychiatric, opthomological and orthopedic injuries continued to degenerate after the accident and independent of the accident. We disagree. Our review of the ALJ's order reveals that the ALJ, although it did not use the phrase "supervening and independent cause," did in fact make extensive findings regarding the cause of Lewis's injuries as well as the aggravation of his pre-existing injuries. The ALJ concluded that the evidence attributing Lewis's injuries to the March 26, 2001, accident was substantial, and we agree. Accordingly, we deny the petition for review.

**PETITION DENIED.**