[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12858

Non-Argument Calendar

_____

HORIZON SHIPBUILDING, INC.,
AMERICAN LONGSHORE MUTUAL
ASSOCIATION, LTD.,

Plaintiffs-Appellees,

*versus*

ALBERT JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 3:23-cv-24755-MCR-HTC

_____

Before LUCK, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Albert Jackson, proceeding *pro se*, appeals the district court's order dismissing his workers' compensation claims brought under the Longshore and Harbor Workers' Compensation Act ("LHWCA") and striking his notice of constitutional challenge. He argues that: (1) the district court abused its discretion by dismissing his claims after it determined that he repeatedly engaged in willfully disobedient conduct by refusing to comply with the orders the Administrative Law Judge ("ALJ") issued during the administrative proceedings concerning his workers' compensation claims; and (2) the district court erred by striking his notice of constitutional challenge to a regulation prohibiting the recording of administrative proceedings when it should have certified the question to the Attorney General. After thorough review, we affirm.

I.

We review a district court's determination of civil contempt for abuse of discretion. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002). We also review a district court's dismissal of an action under Federal Rule of Civil Procedure 41 for a party's failure to comply with a court order for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). However, we review a district court's legal conclusions *de novo*. *Farese*

*v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Likewise, we review a district court's interpretation of the Federal Rules of Civil Procedure *de novo*. *Vencor Hosps., Inc. v. Standard Life & Acc. Ins. Co.*, 279 F.3d 1306, 1308 (11th Cir. 2002).

We construe briefs filed by *pro se* litigants liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). That said, we've "repeatedly held" that we will not consider "an issue not raised in the district court and raised for the first time in an appeal." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (citation modified). Similarly, with limited exceptions, if a party fails to object to a magistrate judge's findings or recommendations in a report and recommendation ("R&R"), the party "waives the right to challenge on appeal the district court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1.

Finally, issues that *pro se* litigants do not brief on appeal are deemed abandoned. *Timson*, 518 F.3d at 874. A claim is abandoned when an appellant "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

## II.

First, we are unpersuaded by Jackson's argument that the district court abused its discretion by dismissing his LHWCA claims. The LHWCA "establishes a comprehensive federal

workers' compensation program that provides longshoremen and their families with medical, disability, and survivor benefits for work-related injuries and death." *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 96 (1994). The LHWCA creates a presumption of compensability that an employer must rebut with substantial evidence. *See Brown v. Jacksonville Shipyards Inc.*, 893 F.2d 294, 297 (11th Cir. 1990); 33 U.S.C. § 920(a). ALJs from the United States Department of Labor conduct administrative proceedings to evaluate claims for compensation made under the LHWCA. *See 33* U.S.C. § 919; 20 C.F.R. §§ 701.101, 701.201, 702.301–702.394. ALJs have the authority to enforce orders, compel witness attendance and testimony, examine witnesses, and compel "the production of books, papers, documents, and other evidence, or the taking of depositions." 33 U.S.C. § 927(a). They are also permitted to "do all things conformable to law" that are necessary to effectively discharge their duties. *Id.*; *see also* 29 C.F.R. § 18.12(b).

The LHWCA provides that, when a party asserting a workers' compensation claim "unreasonably refuses to submit . . . . to an examination by a physician selected by the employer," the ALJ may suspend the payment of compensation. 33 U.S.C. § 907(d). Additionally, the Office of Administrative Law Judges' ("OALJ") procedures provide that a party "may serve upon another party whose mental or physical condition is in controversy a notice to attend and submit to an examination by a suitably licensed or certified examiner." 29 C.F.R. § 18.62(a). If the party subject to the examination objects, "the requesting party may file a motion to compel" the examination. *Id.* § 18.62(b). Other regulations specify

that, where a special examination by an impartial specialist or an evaluation to contest disputed medical results is ordered, the claimant must "submit to such examination at such place as is designated in the order to report, but the place so selected shall be reasonably convenient for the employee." 20 C.F.R. §§ 702.408–702.410.

The LHWCA authorizes district courts to impose sanctions on parties who disobey or resist lawful orders issued by ALJs during administrative proceedings, providing that:

> If any person in proceedings before a deputy commissioner or Board disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, the deputy commissioner or Board shall certify the facts to the district court having jurisdiction in the place in which he is sitting (or to the United States District Court for the District of Columbia if he is sitting in such District) which shall thereupon in a summary manner hear the evidence as to the acts complained of, and if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with

reference to the process of or in the presence of the
court.

33 U.S.C. § 927(b).

Notably, the statute specifies that a district court may "pun-ish" a party who disobeys a lawful order during administrative pro-ceedings "in the same manner and to the same extent as for a con-tempt committed before the court." *Id.* Under the established civil contempt standards, a district court must support a finding of civil contempt with clear and convincing evidence. *Riccard*, 307 F.3d at 1296. "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.*

District courts have "broad discretion in fashioning civil con-tempt sanctions." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990). So, for example, a district court may dismiss an action when a party fails to comply with a court order. *See Grat-ton*, 178 F.3d at 1374 (citing Fed. R. Civ. P. 41(b)). District courts also have "broad discretion to control discovery," including the "ability to impose sanctions on uncooperative litigants." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *see also* Fed. R. Civ. P. 37(b) (providing that district courts may impose sanctions when a party fails to comply with a discovery order).

However, dismissal is a severe sanction that may only be im-posed when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court

specifically finds that lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995). Although it is "an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, the district court did not abuse its discretion in determining that Jackson was in contempt of court or in dismissing his workers' compensation claims. *See Riccard*, 307 F.3d at 1296; *Gratton*, 178 F.3d at 1374. The dispute in the case stems from workers' compensation claims Jackson brought under the LHWCA against Horizon Shipbuilding, Inc. and American Longshore Mutual Association, Ltd. (collectively, "Horizon"). During the administrative proceedings related to Jackson's workers' compensation claims, the ALJ compelled Jackson to, among other things, undergo a medical examination by a physician selected by Horizon and execute various authorizations after he refused to do so upon Horizon's request. Thereafter, Horizon moved to dismiss Jackson's claims with prejudice, arguing that his refusal to participate in discovery and comply with the ALJ's orders had prevented Horizon from investigating his claims. The ALJ agreed, issuing an order that certified certain facts to the district court and recommended that the district court dismiss Jackson's claims with prejudice.

In finding that Jackson was in contempt of court, the district court first determined that the ALJ's orders -- compelling Jackson to undergo a medical examination by a physician selected by

Horizon and to execute various authorizations -- were lawful. Indeed, the statutes and regulations make clear that the ALJ had discretion in conducting the administrative proceedings and was broadly authorized to compel Jackson to attend a medical examination and execute the necessary authorizations to effectively carry out her duties. *See* 33 U.S.C. §§ 907(d), 927(a); 29 C.F.R. §§ 18.12(b), 18.62. While Jackson argues that it was unreasonable for the ALJ to require him to travel "80 miles" for an examination using the car he shared with his wife, he cites to no authority specifying a maximum distance a claimant may be required to travel or suggesting that the ALJ's order was otherwise unreasonable. Thus, the district court did not abuse its discretion in determining that the ALJ's orders were lawful. *See Riccard*, 307 F.3d at 1296.

Furthermore, the ALJ's orders were clear and unambiguous. The orders specified that Jackson was required to return the executed authorizations by a certain date and to attend the scheduled medical examination, noting the date, the physician's name, and the location. Jackson did not demonstrate that he was unable to comply with the orders. While he claimed that the distance he would be required to travel for the examination was unreasonable, he did not allege that he had no way of transporting himself to it, and Horizon confirmed that it would reimburse him for the travel costs. As for the authorizations, Jackson argued that they were overly broad, not that he was unable to execute and return them.

To the extent Jackson argues that the ALJ's purported failure to rule on his motions for protective orders prevented him from

complying with the discovery orders, the record belies this claim. The ALJ addressed Jackson's requests for protective orders in her rulings on the parties' motions to compel, for reconsideration, and to quash subpoenas.  And as for Jackson's reference to outstanding motions for protective orders in his September 21, 2023 response -- which may have been improperly filed in any event -- the ALJ specifically addressed it in her certification of facts to the district court. Thus, there is no basis to conclude that the district court abused its discretion in determining that Jackson was in civil contempt for violating the ALJ's lawful and clear orders, which he had the ability to comply with.  *Id.*

Nor did the district court abuse its discretion in dismissing Jackson's claims based on his failure to comply with the ALJ's orders.  33 U.S.C. § 927(b); *Gratton*, 178 F.3d at 1374.  As the record shows, Jackson engaged in a "clear pattern" of "willful contempt" by repeatedly disobeying the ALJ's orders compelling him to execute the authorizations and attend the medical examination.  *World Thrust Films*, 41 F.3d at 1456.  Jackson continued to disobey the ALJ's orders by failing to attend a discovery conference held on August 29, 2023.  Jackson also demonstrated a pattern of disobedience in district court, failing to comply with the magistrate judge's instructions to appear for a hearing on Horizon's motion to dismiss.

Moreover, before dismissing Jackson's claims, the district court considered less severe sanctions and concluded that they would not be effective.  *Id.*  In particular, it found no indication that Jackson would execute the authorizations or attend the medical

examination in the future, and his ongoing refusal to do so had interfered with Horizon's ability to effectively dispute his claims. And Jackson had been put on notice of the possible consequences -- the ALJ advised him multiple times that his failure to comply with her orders could result in sanctions, including the dismissal of his claims. *Moon*, 863 F.2d at 837.

On this record, the court did not abuse its discretion in granting Horizon's motion to dismiss after finding that Jackson repeatedly engaged in willfully disobedient conduct and that other sanctions would not suffice.[1]  *See World Thrust Films*, 41 F.3d at 1456; *Gratton*, 178 F.3d at 1374.  Accordingly, we affirm as to this issue.

### III.

We also find no merit to Jackson's claim that the district court erred by striking his notice of constitutional challenge to a regulation prohibiting the recording of administrative proceedings. Specifically, while the OALJ's procedures generally make hearings before an ALJ open to the public, the regulations prohibit

---

[1] Jackson newly claims on appeal that the issues raised in Horizon's motion to dismiss were barred by res judicata or collateral estoppel -- defenses that, generally speaking, bar the re-litigation of issues that were previously raised or could have been raised.  However, Jackson did not discuss res judicata or collateral estoppel at any point in district court, thereby forfeiting his arguments that the district court erred by adjudicating previously litigated claims. *N. Ga. Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 432 (11th Cir. 1993); *see also Access Now, Inc.*, 385 F.3d at 1331; 11th Cir. R. 3-1.

"[p]arties, witnesses and spectators . . . from using video or audio recording devices to record hearings." 29 C.F.R. §§ 18.81(a), 18.86.

Federal Rule of Civil Procedure 5.1 sets forth these requirements for filing a constitutional challenge to a federal or state statute:

> (a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
>    (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>
>        (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
>
>        (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
>
>    (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) Certification by the Court. The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned.

Fed. R. Civ. P. 5.1. Further, in any action where "the constitutionality of any Act of Congress affecting the public interest is drawn in question," a court is required to certify that fact to the Attorney General so the government may present evidence and argument on the question of constitutionality. 28 U.S.C. § 2403.

Under the Federal Rules of Civil Procedure, a party is required to plead all compulsory counterclaims, which are claims against an opposing party that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "do[] not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). As for permissive counterclaims, or claims that are "not compulsory," a party *may* raise them against an opposing party in a pleading. Fed. R. Civ. P. 13(b).

Here, the district court did not abuse its discretion in granting Horizon's motion to strike Jackson's notice of a constitutional challenge. For starters, Rule 5.1 did not apply to Jackson's challenge -- he questioned the constitutionality of 29 C.F.R. § 18.86, which is a federal *regulation*, not a federal or state *statute*. *See* Fed. R. Civ. P. 5.1(a)(1)(A). But even if Rule 5.1 applied to federal regulations, the district court properly determined that Jackson's failure to comply with the ALJ's orders did not draw into question the constitutionality of 29 C.F.R. § 18.86. This is because the prohibition on recording administrative proceedings did not affect

Jackson's ability or refusal to attend the medical examination or execute the authorizations.  As a result, the district court was not required to certify his constitutional question to the Attorney General and did not abuse its discretion by striking his notice of constitutional challenge. *See* Fed. R. Civ. P. 5.1(b); 28 U.S.C. § 2403.

Moreover, to the extent Jackson sought to assert a counterclaim against Horizon related to the constitutionality of 29 C.F.R. § 18.86, he does not argue in his initial brief that the district court erred by dismissing any counterclaim he brought as to this issue. Thus, he has abandoned the issue on appeal. *Timson*, 518 F.3d at 874.  In any event, any argument concerning this kind of counterclaim would fail because Jackson sought to challenge the constitutionality of a regulation enforced by the OALJ, but he never asserted a claim concerning the regulation against Horizon, the opposing party.  Accordingly, we affirm as to this issue as well.

**AFFIRMED.**