**WORLD THRUST FILMS, INC.,**
Plaintiff–Appellant,

v.

**INTERNATIONAL FAMILY ENTERTAINMENT, INC., d/b/a The Family Channel, Timothy B. Robertson, Defendants–Appellees.**

No. 93–5154.

United States Court of Appeals,
Eleventh Circuit.

Jan. 6, 1995.

---

John E. Kirkpatrick, Miami, FL, for appellant.

Bruce Judson Berman, Miami, FL, for appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

The district court dismissed appellant's, World Thrust Films, Inc. (World Thrust), complaint for failure to comply with local rules and for failure to serve process. We reverse the district court's dismissal of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 1993, World Thrust filed a complaint against appellees, International Family Entertainment, Inc. (International Family) and Timothy B. Robertson, in the United States District Court for the Southern District of Florida. The complaint alleged breach of contract, copyright infringement, and contributory infringement. Two lawyers signed the complaint.

The day after the lawyers filed the complaint, the district court entered an order, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1 of the Southern District of Florida, requiring the parties to discuss case management and directing World Thrust to file a joint scheduling report within sixty days. Approximately two weeks later, the district court entered an identical order thereby extending the deadline to the end of June. Both of the orders contained the following warning: "Failure to comply with the requirements of Local Rule 16.1 and Federal Rule of Civil Procedure 16 will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or striking of defense and entry of judgment."

On August 4, 1993, over a month after the deadline, the district court entered an order requiring World Thrust to show cause within eleven days why the joint scheduling report had not been filed. The order provided that if such papers were not filed within the time specified, the court would dismiss the action pursuant to Local Rule 16.1. On the same date, the district court also ordered World Thrust to effect service of process, and file proof thereof, within eleven days.[1]

World Thrust did not respond to the orders, and on August 27 the district court dismissed the complaint pursuant to Local Rule 16.1(M) (for not filing the scheduling report) and Federal Rule of Civil Procedure 4(j) (for lack of service of process).[2]

---

1. World Thrust filed a summons for International Family on May 18, but never filed a summons for Robertson. Nonetheless, on June 9, both appellees filed a motion to extend their time to answer the complaint. The district court granted this motion. On July 6, both appellees filed a second motion to extend their time to answer the complaint. The district court also granted this motion. Both appellees then filed an answer on August 6.

2. Rule 4(j) has since been relettered 4(m).

On September 7, 1993, World Thrust filed motions to: (1) reconsider and vacate the dismissal order; and (2) extend the time to respond to the order to show cause and to file the scheduling report.

On September 30, 1993, the district court denied World Thrust's motions. This appeal followed.

## CONTENTIONS

World Thrust contends that the district court abused its discretion in dismissing the complaint because the record did not clearly indicate that it willfully disregarded Local Rule 16.1 and the district court's orders to comply with the rule. World Thrust also argues that the district court never considered lesser sanctions.

Appellees respond that World Thrust engaged in a clear pattern of willful delay and that implicit in the district court's dismissal was a finding that lesser sanctions would not suffice. They also contend that we should not entertain World Thrust's argument that the district court did not consider lesser sanctions because World Thrust did not raise this issue in the district court.

## ISSUE

■ The only issue which we discuss is whether the district court abused its discretion in dismissing World Thrust's complaint for failure to comply with Local Rule 16.1 of the Southern District of Florida.[3]

## DISCUSSION

■ "A district court has authority under Federal Rules of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules. We review such orders for abuse of discretion." *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir.1993). This circuit has clearly

stated that because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *See, e.g., Kilgo*, 983 F.2d at 192 (citing a line of Eleventh Circuit cases which have consistently articulated this standard).

When considering the first prong of this inquiry, World Thrust argues that it did not engage in contumacious conduct. Rather, World Thrust contends that it did not respond to the district court's order to show cause because one of its lawyers was attending to a family emergency out of state and the other was only "local counsel." Appellees respond that World Thrust's failure to reply to the district court's order to show cause was not the first and only instance of willful disobedience. To the contrary, World Thrust was over a month late in filing a scheduling report with the district court. Furthermore, even if one of World Thrust's lawyers was justified, due to a family emergency, in not responding to the district court's order, certainly co-counsel should have responded. Thus, appellees argue that World Thrust engaged in a consistent pattern of contumacious conduct.

■ We need not decide, however, whether the conduct of World Thrust's lawyers was contumacious because the district court failed to make the necessary finding that lesser sanctions would not suffice in this instance, as required in the second prong of the inquiry.[4] "Although we occasionally have found implicit in an order the conclusion that 'lesser sanctions would not suffice', we have never suggested that the district court need not make that finding, which is essential before a party can be penalized for his attorney's misconduct." *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th

---

**3.** As noted in the Background section, the district court also dismissed World Thrust's complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure for failure to serve process. Dismissal pursuant to Rule 4, however, was improper because both International Family and Robertson answered the complaint without raising any service of process objections. *See Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1316–18 (11th Cir.1990). Recognizing that appellees do

not even attempt to support this aspect of the district court's dismissal order in their brief, the only issue that we discuss is whether the district court abused its discretion in dismissing World Thrust's complaint for failure to comply with Local Rule 16.1.

**4.** We disagree with appellees' contention that World Thrust did not present this issue below.

Cir.1989) (citations omitted). This court has only inferred such a finding "where lesser sanctions would have 'greatly prejudiced' defendants." *Kilgo,* 983 F.2d at 193 (quoting *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985)). Because we cannot envision how the appellees would have been greatly prejudiced through the imposition of lesser sanctions, we refuse to infer a finding that lesser sanctions would not have sufficed in this case. Therefore, we conclude that the district court failed to follow the second prong of the Eleventh Circuit standard and abused its discretion in dismissing the complaint.

On remand, the district court must reinstate World Thrust's lawsuit unless it finds that dismissal is warranted under the Eleventh Circuit standard. When evaluating possible lesser sanctions, the district court may consider awarding costs and expenses of this appeal to appellees.

## CONCLUSION

For the reasons stated, we reverse the district court's dismissal of World Thrust's complaint.

**REVERSED AND REMANDED.**