**VJC PRODUCTIONS, INC., Plaintiff,**

v.

**Harry KYDES, d/b/a Harry's Legends, et al., Defendants.**

**Civ. A. No. 293–179.**

United States District Court, S.D. Georgia, Savannah Division.

Sept. 5, 1995.

Howard Mark Delashmit, Venema, Thomas & Doherty, Atlanta, GA, for plaintiff.

John Bryan Achord, Savannah, GA, for Harry Kydes.

Michael George Hostilo, Savannah, GA, for American Legion Post 500.

### ORDER

EDENFIELD, Chief Judge.

Before the Court is the unopposed motion of defendant Harry Kyridiades,[1] d/b/a Uncle Harry's ("Kyridiades"), for attorney fees and costs against plaintiff VJC Productions, Inc.

### I. BACKGROUND

Plaintiff VJC Productions, Inc. ("VJC") sued Kyridiades and four other defendants under 47 U.S.C. §§ 553 and 605[2] for the unauthorized reception and public showing of a boxing match transmitted by satellite in 1992. Complaint ¶ 1. VJC sought actual and statutory damages under 47 U.S.C. § 553(c)(3)(A) and § 605(e)(3)(C), as well as attorney fees and costs under § 605(e)(3)(B)(iii).

VJC later voluntarily dismissed two defendants but not Kyridiades, who Answered and denied liability on December 28, 1993. Following VJC's dismissal of a third defendant Kyridiades filed his Pretrial Order in August, 1994. However, VJC failed to likewise fulfill its F.R.Civ.P. 16 duty.

In response, this Court issued an order requiring VJC to show cause why its case should not be dismissed for violating its Pretrial Order directive. Upon VJC's failure to respond, the Court dismissed its case with prejudice for failure to prosecute. Arguing that he has "prevailed" under 47 U.S.C. § 605(e)(3)(B)(iii), Kyridiades now moves for $1,742.32 in attorney fees and expenses.

While it is true that Kyridiades' motion is unopposed, it also is true that this Court must be shown some legal authority before it can award attorney fees and costs. Under 42 U.S.C. § 1988, for example, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs." *Id.* But under both 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii), such awards are limited to "an *aggrieved* party who prevails." (Emphasis added).

The plain meaning of the cable and communication statutes reveals that an "aggrieved" party is the party seeking relief under the civil remedy provisions of those statutes. There is simply nothing that authorizes attorney fees for defendants. *See e.g.,* 47 U.S.C. § 551(f)(1) ("Any person aggrieved by any act of a cable operator...."); § 553(c) ("Any person aggrieved by any violation of [§ 553(a)(1) ] may bring a civil action...."); § 605(e)(3)(A) ("Any person aggrieved by any violation of [§ 605(a) or (4) ] may bring a civil action....).

Having authored a "two-way street" fee-shifting statute in the past, 42 U.S.C.

---

1. There is no "Harry Kyridiades" named in the Complaint, but the Court assumes that plaintiff simply misnamed him as "Harry Kydes."

2. These provisions are part of the Cable Communications Policy Act of 1984, which amended the Communications Act of 1934. *See International Cablevision, Inc. v. Sykes,* 997 F.2d 998, 1003 (2nd Cir.1993).

§ 1988, Congress certainly knew how to enact the same component in 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii). "Where Congress knows how to say something but chooses not to, its silence is controlling." *In re Haas*, 48 F.3d 1153, 1156 (11th Cir.1995). By limiting these Cable Communications Policy Act fee-shifting statutes to an "aggrieved" party, rather than a mere "prevailing" party (under which a defendant may recover fees under 42 U.S.C. § 1988), Congress signalled its intention not to authorize fee awards for defendants in Cable Act cases.

For that matter, the case law reveals that courts have construed the fee-shifting component contained in 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii) strictly. *See Sykes*, 997 F.2d at 1009–10; *Wade Communications Partnership v. Grant*, 1995 WL 217624 (E.D.Pa.1995); *TCI of Illinois v. Carpenter*, 849 F.Supp. 326, 327–28 (N.D.Ill.1994).

Of course, nothing prevents Cable Act defendants from seeking similar relief under other statutes or rules, such as F.R.Civ.P. 11. But that has not been requested here. Kyridiades can take some comfort in benefitting from the arguable stretch this Court took in terminating VJC's case against him, *see World Thrust Films, Inc. v. International Family Entertainment*, 41 F.3d 1454, 1456–57 (11th Cir.1995) (dismissal of plaintiff's action for failure to file scheduling report was abuse of discretion, where district court failed to make necessary finding that lesser sanctions would not suffice; finding that lesser sanctions were insufficient would not be inferred unless such a finding would have greatly prejudiced the defendant), especially since it is now too late for VJC to appeal.

**SO ORDERED.**