[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13939
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03240-WBH

AMUN-RA HOTEP ANKH MEDUTY,
Prince,

                                                                    Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF ADMINISTRATIVE SERVICES,
LISA PRATT,
Director of Risk Management Services;
individually and in her official capacity,
BROADSPIRE SERVICES, INC.,
PAT SANDERS,
individually, and in her official capacity,

                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 5, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Prince Amun-Ra Hotep Ankh Meduty, proceeding pro se, appeals the district court's sua sponte dismissal of his 18 U.S.C. §§ 1983, 1985, 1986, and 1988 action for failure to obey a court order, pursuant to Local Rule 41.3(A)(2). Meduty argues that the district court abused its discretion when it dismissed his amended complaint for not obeying a previous order to re-plead in compliance with the Federal Rules of Civil Procedure. After thorough review, we affirm.

We review a district court's dismissal of an action for failure to comply with local rules for abuse of discretion. World Thrust Films, Inc. v. Int'l Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Rule 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that the averments of a claim be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, and each claim founded upon a separate transaction or occurrence shall be stated in a separate

2

count.  Local Rule 41.3 states that the court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a plaintiff refuses to obey a lawful order of the court.  N.D. Ga. R. 41.3(A)(2).  A district court has discretion to adopt local rules, which then have the force of law.  Hollingsworth v. Perry, 558 U.S. 183, 191 (2010).

Our case law makes clear that "a dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  Betty K Agencies, Ltd. V. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quotation omitted).  We have said that courts may make "an implicit or explicit finding that lesser sanctions would not suffice."  Gratton v. Great Am. Commc'ns, 178 F.3d at 1373, 1374 (11th Cir. 1999) (emphasis added).  We've also observed that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable."  Betty K, 432 F.3d at 1338.  Thus, although we have only occasionally found "implicit in an order [penalizing a party for his attorney's misconduct] the conclusion that 'lesser sanctions would not suffice,'" World Thrust, 41 F.3d at 1456 (quotations omitted), we've repeatedly upheld dismissals with prejudice based on the district court's implicit finding that "lesser sanctions

3

would not suffice" in cases brought by pro se plaintiffs. See, e.g., Gratton, 178 F.3d at 1374-75 (upholding dismissal based upon an implicit finding that no lesser sanction would suffice where the pro se plaintiff "bore substantial responsibility for the delays, by his spoliation of evidence and misidentification of a witness, among other things"); Moon, 863 F.2d at 839 (upholding dismissal based upon an implicit determination that lesser sanctions would not suffice where the pro se plaintiff refused to attend depositions and refused to pay resulting attorneys' fees from the cancelled deposition). Indeed, while pro se complaints must be liberally construed, those complaints still must comply with the procedural rules governing the proper form of pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); McNeil v. United States, 508 U.S. 106, 113 (1993).

The district court's first order in this case denied the defendants' motions to dismiss without prejudice, and ordered Meduty to provide a more definite statement of his claims. The court noted that Meduty's complaint was a classic shotgun pleading, and essentially amounted to a disjointed personal narrative suggesting numerous potential claims but leaving it to the court and defendants to determine who exactly wronged him and in what manner. The court instructed Meduty to provide additional necessary facts, including facts about the underlying incident with police. Additionally, the court provided that each claim needed to be listed separately with the facts that supported it, and the complaint needed to

specify which claims were against which defendant.  The court provided an example of how to accomplish this.  The court also warned that it would dismiss Meduty's claim if he failed to meet the deadline or filed an amended complaint that did not comply with the order.

Thereafter, Meduty filed an amended complaint that alleged, in a conclusory manner, that he was unlawfully arrested, kidnapped, falsely imprisoned, denied counsel, discriminated against because of religious beliefs, unlawfully detained without bond, threatened to be held in jail for years without a court date, and the victim of unlawful seizure of property and racial discrimination.  He provided no additional details on these claims.  He said that his constitutional rights were violated, and that the defendants failed to perform their duties, perjured themselves, violated public policy, and recklessly injured Meduty and his property.

In short, Meduty's amended complaint lacked the facts the district court's order had required, including the facts surrounding the incident with police that formed the basis of his insurance claim.  Nor did he list his claims separately or differentiate the facts that supported each claim, as required in the order.  In addition, the district court's first order had warned Meduty that his suit would be dismissed if he did not follow the instructions outlined in its order, and Meduty did not comply.  Thus, although the district court did not expressly find that no lesser

remedy would suffice, its order dismissing the case with prejudice -- and implicitly finding that no lesser remedy would suffice -- was not an abuse of discretion.

**AFFIRMED**.