[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10548

_____

D.C. Docket No. 9:11-cv-80723-KLR

RENEC ULYSSE,

Plaintiff - Appellant,

ALIX ACCIMEUS, et al.,

Plaintiffs,

versus

WASTE MANAGEMENT, INC. OF FLORIDA,

Defendant - Appellee,

EEOC,

Defendant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 16, 2015)

Before MARCUS and WILSON, Circuit Judges, and THAPAR,[*] District Judge.

PER CURIAM:

District courts must have the authority to control their dockets. Just as citizens must obey laws, lawyers and parties must obey orders. Only then can our courts administer a system of justice. Renec Ulysse's lawyer failed to heed repeated warnings from the district court to limit his witnesses, describe their testimony, and identify his exhibits. So, the district court dismissed the case with prejudice. We sympathize with the district court's frustration in this case. But, before dismissing a case with prejudice, courts must consider lesser sanctions and state why they would not be appropriate. The district court did not do so here. Accordingly, we vacate the court's dismissal and remand for such findings.

## I.

Ulysse was the lead plaintiff in a Title VII employment discrimination case against Waste Management, Inc. of Florida ("Waste Management") that involved 98 plaintiffs. Ulysse and his co-plaintiffs alleged that Waste Management discriminated against them and fostered a hostile work environment. The district court managed the case as follows: First, the court issued a scheduling order setting a trial date of November 13, 2013, and directing the parties to submit

---

[*] Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

2

pretrial filings three weeks before that trial date.  And second, the court denied

Ulysse's motion for class certification and granted Waste Management's motion to

sever.  So Ulysse remained the sole plaintiff in this case.

As the case progressed toward trial, the parties submitted their witness and

exhibit lists as required by the scheduling order.  Ulysse's witness list, however,

more closely resembled a telephone directory than a witness list for trial.  Ulysse

provided the names and addresses of 84 individuals that he "expect[ed] to call or

may call if the need arises."  The witness list further included "[a]ll persons

disclosed in discovery."  The exhibit list contained only nine entries.  Some of the

highlights are:  "Plaintiff's EEOC file," "[d]ocuments produced in response to non-

party subpoenas," "[d]ocuments obtained through discovery," and "[a]ll rebuttal

and impeachment exhibits."

Upon a motion by Waste Management, the district court struck Ulysse's

witness and exhibit lists.  The court concluded that Ulysse's counsel acted in bad

faith by failing to follow the scheduling order and by submitting "utterly useless"

exhibit and witness lists.  Due to counsel's misconduct, the district court continued

the trial and directed Ulysse to file a new witness list and exhibit list within five

days.  For the witness list, the court limited Ulysse to a maximum of three co-

employee witnesses (but did not explicitly limit the number of any other witnesses) and required Ulysse to summarize each witness's testimony. For the exhibit list, the court ordered Ulysse to list the name, date, a summary, and the expected purpose of the exact documents he would introduce as trial exhibits. On the same day, the district court also entered orders preventing Ulysse from introducing his EEOC Letter of Determination and excluding "trial testimony by individuals other than [Ulysse] that they suffered or witnessed unlawful harassment" unrelated to Ulysse's claim. These orders were in addition to the court's earlier ruling that Ulysse's entire EEOC file would not be admitted into evidence.

On November 13, 2013—three days after the district court's deadline—Ulysse's counsel submitted a new exhibit list and a new witness list. But the witness list named six co-employee witnesses—three more than the district court permitted in its order. The exhibit list included "Amended/Supplemental Interrogatory Responses," as well as the "Charge of Discrimination" for Ulysse and his co-employee witnesses for the expected purpose of establishing the co-employee "witness[es]' allegations of discrimination." Counsel also filed a motion to reconsider the order requiring new witness and exhibit lists. Waste Management moved to strike the new lists, or in the alternative, to dismiss the case with prejudice.

The district court granted Waste Management's motion to dismiss the case with prejudice. In its order, the district court explained that counsel's filings were in "direct disregard of the Court's limitation on the number of witnesses and the type of exhibits permitted at trial." While acknowledging that dismissal with prejudice is "a sanction of last resort," the court found that plaintiff's misconduct warranted that drastic remedy. For similar reasons, the district court also denied Ulysse's motion to reconsider. Ulysse now appeals the district court's dismissal of his case with prejudice, as well as the court's order limiting his witnesses and requiring an amended exhibit list.

## II.

District courts must have the power to manage cases in a way that achieves "the orderly and expeditious disposition of cases." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S 32, 43 (1991)). An important component of that power is the ability to impose sanctions for litigation misconduct. *Id.* Sanctions dissuade future misconduct and ensure that litigation moves efficiently and in compliance with court orders. As such, we review such sanctions for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

5

The district court's power, however, is not unlimited.  Rather, district courts should wield it wisely and with "restraint and discretion."  *Eagle Hosp.*, 561 F.3d at 1306 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).  This limitation is especially true where the district court sanctions a party by dismissing the case with prejudice.  Such a sanction is limited to (1) when a party engages in clear misconduct and (2) the district court specifically finds that no lesser sanction is appropriate.  *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (per curiam).

As to the first prong, the record is clear that plaintiff's counsel engaged in a repeated pattern of disobedience.  First, Ulysse violated the district court's scheduling order when he failed to confer with Waste Management a month before the scheduled trial to prepare a joint pretrial stipulation.  Despite the district court's express warning that violations of the scheduling order may be punished by sanctions including dismissal, Ulysse ignored Waste Management's attempts to contact him until the night before the joint stipulation was due.  Second, Ulysse's 84-person witness list violated the Local Rules for the Southern District of Florida.  Local Rule 16.1(e)(10) specifies that a party's witness list must separately identify those witnesses whom the party expects to present and those whom the party may

6

call if the need arises.  Ulysse's witness list proudly pronounced that it consisted of "each witness [Ulysse] expects to call or may call if the need arises."  Third, after the court ordered Ulysse to include no more than three co-employee witnesses in his revised list, Ulysse ignored the order and submitted, after the court's deadline, a list that included six co-employee witnesses.  Fourth, Ulysse's original exhibit list, as he acknowledged, did not comport with the district court's order or the local rules because it included individual "exhibits" such as all "[d]ocuments obtained through discovery."  *See* Appellant's Br. at 9 ("Ulysse does concede that several of the exhibits on the initial exhibit list were problematic . . . .").  And fifth, Ulysse submitted, again after the court's deadline, an amended exhibit list that included EEOC Charges of Discrimination by Ulysse and his co-employees, and interrogatory responses pertaining to discrimination against Ulysse's co-employees—in violation of the court's earlier rulings that Ulysse's EEOC file would not be admitted into evidence and that Ulysse could not introduce evidence of unrelated discrimination against his co-employees.  Those actions demonstrate a pattern of "willful contempt."

On the second prong, however, the district court did not explain why lesser sanctions would not do.  In its order, the court thoroughly catalogued counsel's repeated failures to comply with court orders and concluded that the misconduct

warranted dismissal.  But the court did not discuss the possibility of imposing lesser sanctions, such as choosing for the plaintiff which three witnesses would testify, limiting the exhibit list to only exhibits that complied with its order, striking the witness and exhibit lists completely and allowing the plaintiff to proceed based solely upon his own testimony, or imposing financial sanctions on Ulysse's attorney for wasting time and resources.  Nor is it clear from the order that the court implicitly considered such sanctions.  So the district court's order departs from the established two-step rule for awarding dismissal sanctions.

Since dismissal punishes a party for his attorney's failure, it is a drastic sanction.  As such, fairness to the party requires the court to explain why lesser sanctions would be inadequate punishment.  *See Phipps v. Blakeney*, 8 F.3d 788, 791 n.6 (11th Cir. 1993) ("This custom [of requiring the court to discuss why lesser sanctions are insufficient] draws its support from the idea that only as a last resort should parties be punished by dismissal of their case for their lawyer's failings.").  Here, the district court "failed to find, explicitly or implicitly, that lesser sanctions were inadequate." *Betty K*, 432 F.3d at 1340.  It may well be true that a lesser sanction would not have compelled compliance by Ulysse's counsel and provided for the expeditious disposition of this claim—we offer no opinion whether that is the case—but the district court was obliged to explicate how it

8

reached that conclusion.  As a result, the case must be remanded for the district court to consider lesser sanctions.

The remand to the district court in no way suggests that counsel's actions were anything less than brazenly disobedient.  Counsel directly violated several orders from the district court.  Even if counsel believed that the court's orders were erroneous, counsel was still wrong to disregard them.  Instead, he should have followed the orders, preserved any objections for appeal, and then, if necessary, filed an appeal at the end of the case.  The path taken by counsel—persistent defiance—is *never* appropriate.  But even though plaintiff's counsel engaged in reproachful conduct, the district court was required to consider whether lesser sanctions may have been adequate before it dismissed the action with prejudice.

While the Court remands for a discussion of lesser sanctions, Ulysse also requests further relief.  He contends that the district court's order limiting Ulysse's witnesses and requiring Ulysse to file an amended exhibit list was an abuse of discretion.  In addition to the authority "to impose sanctions for failure to comply with a scheduling or pretrial order," *Brooks v. United States*, 837 F.2d 958, 961 (11th Cir. 1988), district courts have the power to control, "[w]ithin limits," the presentation of evidence, *Geders v. United States*, 425 U.S. 80, 86 (1976).  At this

9

moment, however, adjudication of Ulysse's objection is premature. He is unable to show prejudice or any effect on his substantial rights from the order because the case has not yet gone to trial. *Anderson v. WBMG-42*, 253 F.3d 561, 563 (11th Cir. 2001) (explaining that evidentiary rulings may be reversed only "if the complaining party establishes that the evidentiary ruling resulted in a substantial prejudicial effect" (internal quotation marks omitted)).

Accordingly, we vacate the district court's dismissal with prejudice and remand to the district court to consider whether lesser sanctions are appropriate.

**VACATED AND REMANDED**.