[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10280
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01593-ODE


MONICA R. WATTS,

Plaintiff-Appellant,

versus

FORD MOTOR COMPANY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 27, 2016)


Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Monica Watts, proceeding *pro se*, appeals the district court's dismissal of her lawsuit against Ford Motor Company ("Ford") alleging employment discrimination on the basis of race and gender, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and race, pursuant to 42 U.S.C. § 1981. The district court dismissed the lawsuit with prejudice after finding that Watts willfully failed to comply with its orders to produce documents to Ford. Watts now appeals the dismissal. Upon review of the record and consideration of the parties' briefs, we affirm.[1]

I.

Following a joint preliminary report and discovery plan, as well as a couple of discovery extensions jointly requested by the parties, on March 14, 2014 Ford moved to compel the production of certain documents, including, as relevant here, Watts's tax returns since 2005 and documents related to businesses she operated during and after her employment at Ford. On April 7, the magistrate judge held a teleconference with the parties and then entered an order granting Ford's motion to compel with respect to documents Ford had yet to receive. The magistrate judge ordered Watts to produce the documents in dispute no later than 20 days after April 7, 2014. On April 17, Watts filed a motion to extend discovery and to stay the case

---

[1] Also pending before us is Watts's motion to stay proceedings, remand this case to the district court on a limited basis, and grant leave for her to file an amended reply brief after a ruling from the district court. We deny her motion for the same reasons we affirm the dismissal of her claims.

2

to permit her to find new counsel.  In a consent order entered on May 8, the magistrate judge granted Watts an additional 20 days to comply with the order granting the motion to compel, requiring her to produce the documents by May 28.  This order notified Watts that her "**failure to comply with the Order of this Court and applicable Local Rules [would] result in a recommendation of dismissal of [her] case for failure to prosecute pursuant to Local Rule 41.3.**" Order, Doc. 98 at 2 (emphasis in original).[2]

Watts failed to produce the documents by the May 28 deadline.  In a status teleconference on July 2, the magistrate judge denied another motion by Watts to extend discovery but gave her another chance to produce the documents, this time by July 15.  During the teleconference, the magistrate judge again warned Watts "no less than three times" that her failure to comply with the court's order to produce the documents would result in a recommendation that the district court dismiss her case.  Report and Recommendation at 7, Doc. 111.  In her order, the magistrate judge warned Watts that "[f]ailure to comply may result in a recommendation that the case be dismissed."  Min. Entry, Doc. 103.

Watts missed the July 15 deadline as well.  On that day, she requested a 21-day extension of time to produce the documents and moved to reopen discovery.

---

[2] "Doc." refers to the docket entry in the district court record in this case.

Ford opposed the motion and moved to dismiss the case as a sanction for Watts's repeated failure to comply with the court's orders.

On August 18, the magistrate judge held another teleconference and denied Watts's motion for an extension of time and to reopen discovery. Watts admitted she still had yet to comply with the May 8 order to produce documents. The court cautioned Watts yet again that it would recommend dismissal of her case should she continue to disobey the court's orders. Not until August 25, four and a half months after Ford's motion to compel was granted, did Watts file a certificate of service indicating that she had provided some of the responsive documents to Ford.[3]

In a report and recommendation ("R. & R.") issued on October 31, the magistrate judge recommended that the court dismiss Watts's case with prejudice pursuant to the court's Local Rule 41.3A(2) because she "repeatedly disregarded this Court's warnings." R. & R. at 9, Doc. 111. Watts objected to the R. & R., but she filed her objections more than two weeks past the deadline. The district court considered Watts's objections, but adopted the R. & R. in full and dismissed the case with prejudice. Watts now appeals.

---

[3] The certificate of service indicated that she had produced the documents to Ford on August 19.

4

## II.

We review for abuse of discretion a district court's dismissal of an action for failure to comply with the court's local rules. *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.

A district court has discretion to adopt local rules, which then have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action with prejudice "[i]f the plaintiff fails . . . to comply with these rules or a court order." Fed. R. Civ. P. 41(b). We have recognized that Rule 41(b) also permits "a district court . . . to dismiss actions for failure to comply with local rules." *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993). The Northern District of Georgia local rule on which the magistrate judge, and by adoption the district judge, relied permits a district court to dismiss a civil case if the plaintiff, after notice, "fail[s] or refuse[s] to obey a lawful order of the court in the case." N.D. Ga. L.R. 41.3(A)(2). Because dismissal with prejudice is a drastic remedy, a court will impose it as a last resort "*only* when: (1) a party engages in a clear pattern of delay or willful contempt

5

(contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005) (internal quotation marks omitted).

As to the first prong of the test, the record supports the district court's finding that Watts engaged in a clear pattern of delay and willfully failed to obey court orders. On May 8, 2014, the magistrate judge ordered Watts to produce certain documents within 20 days. Despite a written warning from the court that failure to obey the order would result in a recommendation of dismissal under Local Rule 41.3, Watts failed to produce the documents. During a status teleconference on July 2, 2014, the magistrate judge ordered Watts to produce the documents by July 15 and warned her that her case would be dismissed if she failed to comply with the order. Watts again failed to produce the documents. On August 18, 2014, the magistrate judge held yet another status teleconference, during which Watts admitted she still had not complied with the order to produce documents. Only after the magistrate judge notified Watts that magistrate judge would be recommending the dismissal of Watts's complaint for repeated failure to comply with court orders did Watts indicate in a certificate of service that she had produced some of the documents. Given these facts, we cannot say that the district

court erred in finding that Watts willfully disobeyed court orders.[4]  Moreover, we reject Watts's argument that her *pro se* status excused her failure to comply.  *See Moon*, 863 F.2d at 837 ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant.").

As to the second prong of the test, we conclude that the record supports the district court's determination that sanctions less severe than dismissal with prejudice would be inadequate.  Although the district court's order did not state that no lesser sanction would suffice, the district court adopted the magistrate judge's R. & R. in its entirety.  The magistrate judge "conclude[d] that Plaintiff has clearly engaged in a pattern of contempt and that lesser sanctions will not suffice to persuade the Plaintiff to comply with" the court's orders because Watts failed to comply with those orders even after the magistrate judge "bent over backwards" to give her time to comply.  R. & R. at 9, Doc. 111.  Moreover, the district court explicitly considered the lesser sanction of dismissal without prejudice, but concluded that Watts's conduct warranted dismissal with prejudice.

Accordingly, the district court did not abuse its discretion in dismissing Watts's case with prejudice.

---

[4] We acknowledge that after the August teleconference Watts apparently produced some documents responsive to the order on the motion to compel.  But given her repeated failure to comply with the order after being warned, we conclude that her incomplete compliance after the magistrate judge told her of the impending recommendation of dismissal does not render the finding that she exhibited a clear record of delay or willful contempt clearly erroneous.

**AFFIRMED.**