[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10537
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-23790-JLK

BILLY WARNER,
individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

versus

TINDER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 17, 2017)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Billy Warner ("Warner"), a Florida resident and representative of a putative class, appeals the dismissal, with prejudice, of his case against Tinder, Inc. ("Tinder"). The instant action is substantially similar to another putative class action filed by Warner in the Central District of California. Warner v. Tinder, Inc., No. 2:15-cv-01668-MMM-AJW (C.D. Cal. 2015). That case ("Warner I") was dismissed with leave to amend by the district court and then voluntarily dismissed by Warner prior to the filing of the present action. Warner then filed this action in the Southern District of Florida and Tinder moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). After receiving briefing and without oral argument, the district court found that both the first-filed doctrine and the prohibition against judge shopping applied and that dismissal with prejudice was appropriate.[1] On appeal, Warner argues that he violated neither the prohibition on judge shopping nor the first-filed rule and that, in any event, the district court abused its discretion when it dismissed the action with prejudice when lesser sanctions were available.

This Court has held that district courts possess the inherent power to police their own dockets. Mingo v. Sugar Cane Growers Co-op of Fla., 864 F.2d 101, 102 (11th Cir. 1989). As a corollary to this power, judges have the authority to impose formal sanctions on litigants ranging "from a simple reprimand to an order

---

[1] There is a question on appeal as to whether the decision to grant the motion to dismiss on these grounds was sua sponte. Because the answer to that question is immaterial to the resolution of this case on appeal, we do not address it.

2

dismissing the action with or without prejudice." Id.; see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). Dismissal of a case with prejudice is considered "an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338 (11th Cir. 2005) (collecting cases). "[F]indings satisfying both prongs of [this] standard are essential before dismissal with prejudice is appropriate." Id. at 1339. This Court reviews a decision of the district court to dismiss with prejudice for abuse of discretion. Id. at 1337.

Warner first argues that this action is violative of neither the prohibition on judge shopping nor the first-filed doctrine. As to the charge of judge shopping, he argues that by refiling this action in the Southern District of Florida he was merely being responsive to the concerns, expressed by the California federal court in Warner I, that this action would be more properly prosecuted in his state of residency. Likewise, to the extent that the district court's ruling relied on the first-filed rule, Warner argues that the doctrine is inapplicable. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is

3

a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." (emphasis added)). Additionally, he argues that the district court abused its discretion—the "outer boundary" of which this Court has "articulated with crystalline clarity"—by failing to make findings on either of the two prongs of the test laid out in Betty K Agencies.

As an initial matter, we are hesitant to conclude from the record on appeal that this action is violative of either the prohibition on judge shopping or the first-filed rule.[2] However, the resolution of this appeal does not require us to decide those doctrines' applicability because the district court failed to make the necessary findings that Warner engaged in a clear pattern of delay or willful conduct and that lesser sanctions—if indeed any were warranted—were insufficient. See, e.g., Betty K Agencies, 432 F.3d at 1339 ("[F]indings satisfying both prongs of our standard are essential . . . ."); World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456–57 (11th Cir. 1995) (vacating and remanding a dismissal with prejudice for failure to make a finding on the second prong); Mingo, 864 F.2d at 102–03 (same). As this Court has noted, "[w]e rigidly require the district courts to make these findings precisely '[b]ecause the sanction of dismissal with prejudice is so unsparing . . . .' " Betty K Agencies, 432 F.3d at 1339 (quoting Mingo, 864 F.2d

---

[2] Although we do not decide the issue, we are particularly skeptical of the conclusion that this action would violate the first-filed rule. At no point was this case pending in two federal courts at the same time—something that our case law appears to suggest is a requisite for application of the rule. See Manuel, 430 F.3d at 1135.

at 103) (alteration in original). Although this Court has occasionally concluded that these necessary findings were implicit in a district court's order, "we have never suggested that the district court need not make that finding, which is essential before a party can be penalized for his attorney's misconduct." World Thrust, 41 F.3d at 1456 (quoting Mingo, 864 F.2d at 102). Moreover, we have only been willing to make such an inference when lesser sanctions would have greatly prejudiced the defendant to the action. World Thrust, 41 F.3d at 1457.

In Mingo we empathized with the district court's observations that "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has," and that "the circumstances of this case cry out for such a 'just, speedy, and inexpensive determination.' " Mingo, 864 F.2d at 103. Nonetheless we concluded that "[b]ecause the sanction of dismissal with prejudice is so unsparing, however, we hesitate to infer from this language that the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion." Id. Here, as there, we are unwilling to sanction an imposition of the "extreme sanction" of dismissal with prejudice absent clear findings that Warner engaged in contumacious conduct and that lesser sanctions would have been insufficient to accomplish the district court's objective.[3]

---

[3] We note as well that, unlike the court in Mingo, the district court here has provided no

Accordingly, we REVERSE the decision of the district court to dismiss Warner's complaint with prejudice and REMAND for further proceedings not inconsistent with this opinion.[4]

**REVERSED AND REMANDED.**

---

language from which we could make the necessary inference even if we were so inclined.

[4] We have also reviewed Tinder's Request for Judicial Notice and recognize its potential relevance to these proceedings on remand. Accordingly, the Request for Judicial Notice is GRANTED and we commit to the district court's discretion its applicability on remand.