[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12273

Non-Argument Calendar

_____

MONICA PATRICIA LOPEZ,

Plaintiff-Appellant,

EVA FLORES,

Plaintiff,

*versus*

RICKY DEVITO,
MARK WILENSKY,
Officer of the Court,
JONATHAN WARRICK,

Defendants-Appellees,

2                    Opinion of the Court                    21-12273

JUDGE MEENU SASSER,
Florida State Judge in Palm Beach County
in Foreclosure Division, etal.,

                                                            Defendant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cv-80726-DMM

———————————————

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Monica Lopez, proceeding *pro se*, appeals the district court's orders (1) dismissing with prejudice Plaintiff's *pro se* civil action; and (2) denying Plaintiff's motions to disqualify the district court judge pursuant to 28 U.S.C. § 455.[1]  No reversible error has been shown; we affirm.

---

[1] We read liberally appellate briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## I.

In June 2017, Plaintiff filed *pro se* this civil action challenging the state-court foreclosure proceedings on her home. Plaintiff named as defendants the state court judge who presided over Plaintiff's state foreclosure proceedings (Florida State Court Judge Meenu Sasser), the loan servicer, and the loan servicer's lawyer.

In December 2017, the district court dismissed Plaintiff's initial complaint. The district court granted defendants' motions to dismiss after Plaintiff failed to respond to the motions despite having been granted repeated extensions of time to do so. Plaintiff appealed that denial.

In Plaintiff's first appeal before this Court, we concluded that the district court had not made the necessary findings to support the "drastic sanction" of dismissal with prejudice. We vacated the dismissal of Plaintiff's complaint and remanded for further proceedings. *See Lopez v. De Vito*, 824 F. App'x 683 (11th Cir. 2020) (unpublished).

In October 2020, on remand, the district court reopened Plaintiff's case and set the case for trial. The district court also issued a Pretrial Scheduling Order, setting forth the pretrial deadlines for the case.

In May 2021, the district court *sua sponte* dismissed with prejudice Plaintiff's case based on Plaintiff's clear pattern of delay and on Plaintiff's failure to comply with the district court's orders.

The district court determined that the history of the protracted litigation -- including Plaintiff's repeated requests for extensions and failure to comply with the district court's established deadlines -- demonstrated that Plaintiff had "consistently acted with undue delay and dilatory motive." The district court found "no question that Plaintiff has engaged in a clear pattern of delay."

The district court also determined that no lesser sanction than dismissal with prejudice would suffice. The district court explained that a "lesser sanction would be futile in light of Plaintiff's demonstrated disregard of court deadlines" and would result in undue prejudice to defendants. The district court said further that "Plaintiff has demonstrated willful contempt through her refusal to litigate this matter pursuant to a schedule and her refusal to comply with court orders, and moreover her pattern of delay has rendered the efficient management of this case impossible."

The district court later denied Plaintiff's motions for disqualification under 28 U.S.C. § 455. This appeal followed.

## II.

### A.

We review for abuse of discretion the district court's dismissal of a case for failure to comply with the rules of the court. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

"A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape*

*Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted). The district court has authority under Fed. R. Civ. P. 41(b) to dismiss a case based upon a party's failure to comply with court orders. *Id.* We have said that the district court's power to impose the sanction of dismissal "is necessary . . . to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* Still, dismissal with prejudice "is considered a drastic sanction" that may be imposed "as a last resort" only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995).

Under the circumstances presented in this case, the district court abused no discretion in dismissing with prejudice Plaintiff's civil action. In its order of dismissal, the district court found explicitly both that Plaintiff engaged in a clear pattern of delay and that no lesser sanction would suffice. The record supports each of these findings.

In the seven months following the reopening of Plaintiff's case in the district court, Plaintiff moved ten times to extend the district court's established pretrial deadlines. The district court granted Plaintiff six extensions but also warned Plaintiff repeatedly that she needed to show good cause for future extensions and that her failure to comply with the court's orders could result in dismissal of the case.

6                  Opinion of the Court                  21-12273

Plaintiff filed an eleventh motion for an extension of time in late April 2021: a motion the district court described as a "generalized request for an extension of unidentified deadlines." The district court denied Plaintiff's motion, noting that trial was scheduled in less than a month and that the deadlines for discovery and for mediation had already expired.

In the light of the parties' ongoing difficulties working together to schedule mediation and to prepare a joint pretrial stipulation, the district court referred the matter to a magistrate judge for a settlement conference. The district court ordered the parties "to cooperatively prepare and file a joint pretrial stipulation no later than May 3, 2021" and said expressly that "[f]ailure to do so will result in dismissal of this action with prejudice." No joint pretrial stipulation was filed by the pertinent date. Plaintiff also moved -- less than two weeks before trial and on the "eve of the scheduled settlement conference" -- to reschedule the settlement conference before the magistrate judge.

On this record, we cannot conclude that the district court clearly erred in finding that Plaintiff engaged in a clear pattern of delay. Nor did the district court err in determining that a lesser sanction would not suffice. The district court had already granted Plaintiff several extensions of time and had provided Plaintiff additional opportunities to comply with the district court's orders and to adhere to the district court's schedule. Nevertheless -- and in the face of express warnings about the risk of dismissal with prejudice -- Plaintiff refused to comply with the district court's orders,

continued to seek extensions unsupported by good cause, and failed to pursue diligently her case. Given Plaintiff's continuing pattern of delay and refusal to cooperate nearly four years into the litigation and only two weeks before trial, the district court determined reasonably that a lesser sanction would be futile.

## B.

Plaintiff next challenges the district court's denial of her 28 U.S.C. § 455 motions to disqualify Judge Middlebrooks.[2]

We review for abuse of discretion the district court's rulings on a motion for recusal. *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). We will affirm a judge's refusal to recuse unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons." *Id.* In determining whether recusal is necessary, we ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."

---

[2] Plaintiff raises no substantive argument challenging the district court's denial of Plaintiff's post-judgment motions for reconsideration; those denials are not before us on appeal.

28 U.S.C. § 455(a), (b)(1). "Bias sufficient to disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Bailey*, 175 F.3d at 968 (quotations omitted).

On appeal, Plaintiff contends that disqualification under section 455 was mandatory based upon Judge Middlebrooks's personal relationship with Judge Sasser. In her motions to disqualify, Plaintiff said that an unidentified lawyer told Plaintiff that Judge Middlebrooks was "good friends" with Judge Sasser.

As evidence of Judge Middlebrooks's purported bias, Plaintiff points to a statement made in the district court's May 2018 order denying reconsideration of the district court's first order of dismissal. In the May 2018 order, Judge Middlebrooks rejected Plaintiff's argument that Judge Sasser's recusal in Plaintiff's state-court foreclosure proceedings (a recusal that occurred three weeks *before* the district court granted Judge Sasser's motion to dismiss) constituted "newly discovered evidence" warranting reconsideration. Judge Middlebrooks also added that "Judge Sasser recused herself from presiding over a matter involving a party who had filed a civil action against her. Plaintiff fails to show that Judge Sasser's recusal is evidence of any impropriety."

Nothing about this statement evidences an improper bias. Nor can we conclude that Plaintiff's conclusory and untrustworthy allegation on what Plaintiff heard about Judge Middlebrooks's purported friendship with a fellow judge -- without more -- would

cause an objective layperson to question reasonably Judge Middle-brooks's impartiality. "A charge of impartiality must be supported by facts," not merely by rumors or innuendos. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (concluding no recusal was necessary when a federal judge had "direct communications" with a state court judge who was presiding over a related matter and when a newspaper article reported that the federal judge was "angry"). Because Plaintiff has demonstrated no clear objective impropriety, we affirm the district court's denial of Plaintiff's motions to disqualify.

AFFIRMED.