[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13450

Non-Argument Calendar

————————————————

LINDA IFEOMA AMAECHI,

Plaintiff-Appellant,

*versus*

GEICO,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00442-TES

————————————————

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Linda Ifeoma Amaechi, proceeding *pro se*, appeals the district court's order dismissing, with prejudice, her recast complaint that alleged several claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(m). Amaechi alleged that her former employer, Geico, discriminated against her based on race, gender, sex, national origin, and religion. She also alleged that Geico retaliated against her for filing an internal complaint. After she repeatedly failed to follow the Federal Rules of Civil Procedure and court orders throughout the discovery process, the district court dismissed her complaint for failure to prosecute. For the following reasons, we affirm.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In April 2021, following a series of events not relevant to the present appeal, Amaechi filed a recast complaint, the operative pleading, against Geico. Amaechi alleged that Geico failed to promote her and maintained unequal terms and conditions for her employment compared to her peers. She also alleged that she suffered retaliation because Geico became hostile towards her after she complained to the company that she was being discriminated against.

Specifically, Amaechi alleged the following claims under Title VII: race discrimination because Geico failed to promote her, but promoted her peers of a different race (Count 1); gender and

sex discrimination because Geico showed favoritism of peers of the opposite sex and promoted those peers (Count 2); religious discrimination because Geico promoted peers that did not share the same religious sentiment or mode of dress as her (Count 3); national origin discrimination because Geico used her national origin to her detriment and failed to address harassing behavior that she experienced (Count 4); and, finally, retaliation, as Geico neither protected nor mitigated the harassment that she suffered after she complained of discriminatory practices (Count 5). She sought the following damages: loss of income; loss of vesting in her 401(k)/Vanguard account; loss of affordable health insurance totaling $298,000; $1,600,000 due to emotional harm, stress, mental anguish, and inconvenience; and punitive damages totaling $3,600,000 for Geico's gross neglect and Title VII violations.

Geico first moved to dismiss Amaechi's recast complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Geico asserted that any time-barred claims should be dismissed.[1] It identified Count 2 for gender and sex discrimination, Count 5 for retaliation, and any claims occurring before November 7, 2018, as time-barred. Amaechi then moved to strike Geico's motion to dismiss pursuant to Rule 12(f), arguing that Geico presented an insufficient defense.

---

[1] On appeal, Amaechi does not challenge any of the time-barred claims. Therefore, any challenge to those claims is abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (holding that an appellant abandons any claims that she fails to properly raise on appeal).

The district court granted in part and denied in part Geico's motion to dismiss and construed Amaechi's motion to strike as a response, thereby denying her motion to strike. The district court found that, because Amaechi filed her U.S. Equal Employment Opportunity Commission charge on May 6, 2019, any discriminatory actions that occurred before November 7, 2018, were time-barred. The district court thus dismissed all claims that arose from Geico's alleged discrimination prior to November 7, 2018, and allowed her to proceed with all claims after that date, including her retaliation claim in 2019. Geico then answered, denied liability, and asserted various defenses.

The district court entered a scheduling order. The parties conducted a Federal Rule of Civil Procedure 26(f) conference on August 16, 2021. On December 28, 2021, the district court held a telephone conference because of Amaechi's failure to provide discovery documents, but she did not appear at the conference. Amaechi acknowledges that she was informed of the conference but claims that she failed to appear because she never received call-in instructions. The next day, the district court issued an order and reminded Amaechi of her duty to prosecute her case. It ordered Amaechi to immediately provide Geico with the documents at issue and, to ensure compliance, noted that Geico may move to compel discovery. The district court stated that if Amaechi's failure to comply continued, she risked having her case dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Geico then moved to compel, attaching to its motion its discovery requests, Amaechi's responses, and other correspondence between the parties. It noted that it had served Amaechi with interrogatories and requests for production on September 13, 2021, but when overdue responses were not received by October 20, 2021, it sent a letter requesting such responses. Geico explained that Amaechi twice asked for additional time to provide responses, which it granted, but after receiving no response upon a good-faith effort, it sought the court's intervention on December 16, 2021. It noted that Amaechi replied on December 19, 2021, and informed the court that she would send the response the best way she knew how. Geico spoke with Amaechi by telephone, and she confirmed that she would send complete written discovery responses, initial disclosures, and responsive documents by December 24, 2021. It then contended that Amaechi sent her initial disclosures on December 26, 2021, but they were incomplete. It also noted that Amaechi failed to appear at the telephone conference on December 28, 2021. It argued that it was unable to complete its discovery until Amaechi provided complete responses to discovery requests and initial disclosures.

The district court granted Geico's motion to compel. In its order, the court noted that, although Amaechi did not receive call-in instructions for the telephone conference, the court ordered her to provide the documents at issue, notified Geico it could move to compel, and warned Amaechi that she ran the risk of having her case dismissed if she failed to comply with its orders or prosecute her case. The district court then noted that Amaechi had not

provided any explanation as to why it should not compel discovery. It again reminded her that failure to comply could result in dismissal of her case.

Thereafter, Geico moved to dismiss for lack of prosecution with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and to stay discovery. It argued that Amaechi failed to properly prosecute her case by failing (1) to respond to written discovery, (2) to comply with orders from the court, and (3) to attend her properly noticed deposition. Geico noted that the pattern of deficient responses continued, and the district court again warned Amaechi that her conduct ran the risk of dismissal. Amaechi then responded to Geico's motion to dismiss for lack of prosecution. She argued that she had extenuating circumstances due to her health that made her unable to respond, that she never received adequate call-in instructions for the December 28, 2021, telephone conference, and that she was unable to attend the initial deposition because the location was over 100 miles away from her.

The district court granted Geico's motion and dismissed Amaechi's recast complaint. The district court described the procedural history of Amaechi's case and noted that it had a "difficult discovery period" and that the case "derailed early, [] despite the Court's lenience, patience, and direction [as Amaechi] stubbornly continued to operate outside the procedural tracks." The district court explained that she missed deadlines, disregarded discovery rules, ignored court directives, concealed documents, and gave intentionally vague responses to easy questions. It noted

that she filed initial disclosures nearly four months late and ignored Geico's valid discovery requests, which caused the court to order Amaechi to comply with discovery rules. It stated that Amaechi did not respond to the court's order until after the deadline. It also stated that she was noticed for her deposition and failed to appear or inform Geico that she would not be able to attend. The district court explained that it again had warned Amaechi to comply with discovery requests and informed her that, if she did not, she ran the risk of having her case dismissed. It noted that, despite Amaechi complying with its order, her responses were incomplete and convoluted. The district court described how Amaechi's discovery responses were insufficient and highlighted that she provided "non-answers," admitted to withholding relevant documents and audio recordings, and refused to disclose the names of her treating physicians and relevant people with whom she worked. The district court emphasized that Amaechi "objected" to each of Geico's requests for production and did not timely provide "a single document or piece of evidence before it came time for the [c]ourt to rule on the merits of her case." The court also pointed out that Amaechi violated numerous local rules.

Further, the district court noted that, despite Amaechi's status as a *pro se* litigant, she did not have a license to ignore the court's rules and orders. It also noted that Amaechi had been warned at least three times that failure to prosecute her case would result in dismissal. The district court emphasized that it had ordered compliance, set conferences, and given extensions, and, thus, was left with a firm conviction that no other sanction would

suffice. Accordingly, it granted Geico's motion and dismissed Amaechi's recast complaint. Amaechi filed a timely notice of appeal for this order.

## II.    DISCUSSION

We review a Federal Rule of Civil Procedure 41(b) dismissal for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). A discretionary decision means the district court has a "range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005) (quoting *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005)). Although we construe a *pro se* litigant's pleadings liberally, they are not relieved from following procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

As an initial matter, Amaechi arguably fails to challenge the grounds relied upon by the district court in its dismissal order. On appeal, issues that are not briefed are deemed to be abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). An appellant fails to adequately brief a claim when it has not been plainly and prominently raised. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). We have long held that an appellant abandons a claim when it is raised "in a perfunctory manner without supporting arguments and authority. *Id.* Further, when a district court order is based on multiple, independent grounds, an appellant must demonstrate that "every stated ground

for the judgment against h[er] is incorrect." *Id*. at 680. The district court's order was based on Amaechi's failure to prosecute her case via her disregard of the court's orders and the Federal Rules of Civil Procedure, and her failure to respond to discovery, despite numerous warnings that such failure would result in dismissal. On appeal, Amaechi was required to properly challenge these grounds to avoid abandonment but failed to do so. *Id*. at 681. She does not raise any argument or cite to any authority to explain her lack of compliance with the district court's orders, nor address the fact that the court repeatedly warned that her failure to prosecute would result in dismissal. Instead, she makes mere conclusory assertions that dismissal was unfair. *See id*. at 682. Given all of this, we could deem her challenge to the district court's dismissal to be abandoned and affirm on this basis alone.

But even if we assume that Amaechi implicitly preserved challenges in the preceding respect, the district court did not abuse its discretion by dismissing her recast complaint under Rule 41(b). Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." A district court may dismiss a case for failure to comply with court rules "under the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015). To dismiss with prejudice under Rule 41(b), the court must find that "(1) a party engage[d] in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds

that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quoting *World Thrust Films, Inc. v. Int'l Fam. Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). Although dismissal with prejudice is a drastic remedy, we have stated that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Amaechi repeatedly failed to follow the Federal Rules of Civil Procedure and court orders throughout the discovery process. *See Gratton*, 178 F.3d at 1374; *Betty K Agencies*, 432 F.3d at 1337. Particularly, she submitted written discovery requests late and failed to produce requested documents, despite her promises to do so and Geico's multiple requests. She also failed to appear at her initial deposition, despite receiving notice, and did not communicate her absence to Geico or to the court. Further, the court warned her at least three times that her continued failure to comply and diligently prosecute her case could result in dismissal. *Moon*, 863 F.2d at 837. Her consistent disregard for the Federal Rules of Civil Procedure and the district court's orders shows a clear pattern of willful contempt. *Betty K Agencies*, 432 F.3d at 1337–38. And the district court's explicit finding that lesser sanctions would not suffice is amply supported by the record as summarized above. *See id.* at 1338.

Therefore, even if Amaechi had properly raised her challenge to the district court's dismissal, we conclude that the

22-13450                Opinion of the Court                11

district court did not abuse its discretion by dismissing her recast complaint under Rule 41(b).  Indeed, Amaechi repeatedly failed to follow the Federal Rules of Civil Procedure and court orders throughout the discovery process of her case.  Accordingly, we affirm.

**AFFIRMED.**